# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:19-CV-00079-KDB-DCK

| | |
|---|---|
| TECHNIBILT GROUP INSURANCE PLAN AND TECHNIBILT, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> BLUE CROSS AND BLUE SHIELD OF NORTH CAROLINA, <br><br> Defendant. | **ORDER** |

Defendant Blue Cross and Blue Shield of North Carolina ("Blue Cross") is a third party health insurance administrator for the Plaintiff Technibilt Group Insurance Plan (the "Plan"), sponsored by Plaintiff Technibilt Ltd ("Technibilt"). In this action, Plaintiffs assert claims against Blue Cross for breach of fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA") related to Blue Cross' alleged failure to timely pay medical expenses incurred by a dependent of a Plan participant, which resulted in a substantial loss to the Plan when the expenses could not be claimed under a reinsurance policy. Now before the Court is Defendant's Motion to Dismiss (Doc. No. 7), which seeks dismissal of all of the Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6) on the alleged grounds, *inter alia*, that the Plan is not a proper Plaintiff, Blue Cross is not an ERISA fiduciary with respect to the alleged wrongful conduct and the Complaint fails to sufficiently allege that Blue Cross breached its alleged fiduciary duties. The

1

Court has carefully considered this motion and the parties' related briefs and exhibits.[1] For the reasons discussed below, including due regard for the standard of review of a motion to dismiss, the Court will **DENY** the motion.

## I. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30 (2012). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Construing the facts in this manner, a complaint must only contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

---

[1] The parties were asked if they wanted to present oral argument to the Court on the motion, but both sides declined the opportunity to do so.

## II. FACTS AND PROCEDURAL HISTORY[2]

Technibilt is a North Carolina corporation that manufactures shopping carts. It established the Plan to provide group health benefits to eligible employees and their dependents. Blue Cross provides health insurance through a network of contracted providers and also offers third-party administrative and claims-processing services to employers offering group health benefit plans. In January 2010, Technibilt and the Plan entered into an Administrative Services Agreement (the "ASA") in which Blue Cross agreed to provide various administrative services for the Plan in exchange for administration and other "miscellaneous" fees.

The ASA identifies Technibilt as both the Plan Sponsor and Plan Administrator. Under the ASA, Technibilt delegated to Blue Cross responsibility for certain "administrative services," such as processing claims, making benefit decisions, paying claims, recordkeeping, issuing benefit determination notifications, and managing, controlling, and disposing of Plan assets. Blue Cross also made its network of contract providers within its service area available to Plan participants as well as networks of providers outside of Blue Cross' service area as part of the "BlueCard Program." A "Host Blue" is a Blue Cross and/or Blue Shield Licensee (Plans and certain Plan affiliates) that participates in the BlueCard Program and provides Provider network access and provider relations functions for other Blue Cross and/or Blue Shield Licensees. If a Plan member used the BlueCard Program, the parties agreed that Blue Cross would be responsible for fulfilling its "administrative contract obligations," but the Host Blue would be responsible for "handling all interaction with its participating Providers."

---

[2] This summary of the facts is taken from the Complaint and the related documents filed by the Parties.

Beginning in 2017, a covered dependent of a Plan participant (the "Patient") became gravely ill with leukemia and became the Plan's high cost claimant for 2017. In September 2018, the Patient was transported from North Carolina to a hospital in Seattle, Washington for treatment. The Patient's medical care in Seattle was within the network of a Host Blue participating in the BlueCard Program. On November 7, 2018, the Patient was transported back to Charlotte, where he died a few days later. The Patient's medical bills and expenses for 2018 alone totaled more than $1.6 million.

Technibilt reinsured the Plan through a third-party Excess Stop Loss Insurance Policy (the "Reinsurance Policy") that provided a $90,000 individual minimum deductible and an unlimited individual reimbursement maximum for 2018. However, the Reinsurance Policy only covered claims paid during the policy period, not claims incurred during the period. As a result, it was critical to Plaintiffs that all of the Patient's claims be processed and paid before the end of 2018. Plaintiffs allege that they communicated to Blue Cross the need and specific requests to pay all the Patient's claims during 2018 on several occasions. A portion of the claims, $824,301.39, was paid on December 21, 2018. However, the remainder of the Patient's claims, $810,470.81, which the Host Blue in Seattle had received from the medical providers by November 21, 2018, was not paid until January 11, 2019. Blue Cross claims that the Host Blue did not send this claim to Blue Cross until December 27, 2018 and it was not received by Blue Cross until December 31, 2018. Because the claim was not paid until 2019, the Reinsurance Policy did not cover the claim, resulting in a loss to the Plan of $810,470.81.

Plaintiffs filed this action on June 19, 2019 alleging that Blue Cross is a fiduciary under ERISA with respect to the relevant activities and breached its fiduciary duty by failing to process and pay the patient's medical expenses during 2018. Plaintiffs seek monetary damages and

"equitable relief" arising from the alleged breach of duty. In response, Blue Cross has moved to dismiss all the claims in the Complaint, alleging that they fail to state a valid claim for relief.

### III. DISCUSSION

Defendant raises numerous challenges to the Complaint. Specifically, it alleges that Plaintiffs' claims should be dismissed because (1) the Plan has no cause of action under the statutory provisions on which Plaintiffs base their claims; (2) the Complaint fails to adequately allege that Defendant was acting as a fiduciary when performing the acts about which Plaintiffs complain; (3) even if Defendant was acting as a fiduciary, Plaintiffs fail to allege that Defendant's conduct constituted a breach of fiduciary duty; (4) a claim for equitable relief under ERISA cannot survive where Plaintiffs fail to allege a breach of fiduciary duty; and (5) Plaintiffs allege no basis for granting restitution or equitable estoppel. *See* Doc. No. 7. Each of these contentions is discussed below. The Court finds that the Plan can assert an ERISA claim for breach of fiduciary duty and that the Complaint, accepting the alleged facts as true and construing all inferences in favor of the Plaintiffs, sufficiently alleges that Blue Cross is an ERISA fiduciary, breached its fiduciary duty and that Blue Cross' objections to potential types of relief is not ripe for decision.

#### A. Can the Plan Assert an ERISA Fiduciary Claim Against Blue Cross?

Blue Cross' first argument is that the Plan does not have standing to assert claims as a Plaintiff for alleged violation of the fiduciary obligations of ERISA. When a party brings an action under ERISA, this court's jurisdiction is "limited to suits brought by certain parties as to whom Congress presumably determined that a right to enter federal court was necessary to further the statute's purposes." *Wiseman v. First-Citizens Bank & Tr. Co.*, No. 1:02-cv-41-T, 2002 WL 1186458, at *2 (W.D.N.C. May 31, 2002) (quoting *Franchise Tax Bd. Of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 21 (1983)). Blue Cross asserts that ERISA gives standing only

to the "Secretary of Labor, a participant, beneficiary, or fiduciary" to bring a civil cause of action under ERISA, 29 U.S.C. § 1132(a), and argues that the Plan does not fit within any of the enumerated categories based on its interpretations of the statutory definitions. *See* Doc. No. 8 at 8-9 (arguing that Plan is not a participant nor a beneficiary and cannot be a fiduciary because it is not a "person" under ERISA, citing 29 U.S.C. § 1002(9)); *Wiseman*, 2002 WL 1186458, at *2 (recommending that 401(k) Plan be dismissed as a Plaintiff and the individual plaintiffs be designated as bringing their action on behalf of the Plan (which was made a nominal defendant), but noting that the designation "has little significance" because the trial is non-jury); *Provident Life & Accident Ins. Co. v. Waller,* 906 F.2d 985, 987 (4th Cir.1990) ("most of our sister circuits have limited federal jurisdiction to the suits by the entities specified in the statute.")

However, as plaintiffs argue in their responsive brief, Doc. No. 9 at 3-5, there is a division among courts on the issue of whether an ERISA plan has standing to sue to enforce provisions of ERISA, with some courts adopting a more functional approach which allows a plan to assert claims for the benefit of the plan. *See Hornady Transp. LLC v. McLeod Health Services, Inc*., 773 F.Supp.2d 622, 631 (D.S.C. 2011) ("Claims asserted directly by the Plan are, likewise, pursued in a fiduciary capacity as the Plan is, necessarily, seeking relief for the benefit of the Plan"); *Michelin Ret. Plan v. Chi. Transit Auth. Retiree Health Care Trust*, 2019 U.S. Dist. LEXIS 28879, at *22, fn. 10 (D.S.C. 1/28/2019) (noting that the question of whether the plan itself is a proper plaintiff to a breach of fiduciary duty lawsuit remains unclear).

The specific circumstances of this case are unlike any of the cited cases so the Plan's ERISA claims present novel circumstances not directly addressed nor clearly predicted by controlling authority. Nevertheless, the facts of this case are closest to the facts of *Hornady,* which permitted a plan to assert claims against the third party administrator of an ERISA health care plan

(in fact, a Blue Cross entity). Also, it is unclear in this unique situation what the practical effects, if any, of dismissal of the Plan as a Plaintiff may be prior to a full development of the factual record.

Further, the connection between the issue of the Plan's standing to sue and the doctrine of ERISA preemption suggests a cautious approach to an immediate dismissal of the Plan as a Plaintiff as a matter of law. The Plan is a specifically named contractual party to the ASA, which generally describes the parties' respective obligations. In response to a question from the Court, Blue Cross argued that Plaintiffs' potential contractual claims under the ASA are preempted by ERISA because they relate to an ERISA plan. Coupling Blue Cross' contention regarding ERISA preemption with its argument that the Plan cannot assert any claims under ERISA would effectively mean that the Plan could never assert any claim against Blue Cross for violation of the ASA, even though the Plan is a party to the agreement. Denying the Plan, a contractual party, any right to enforce the substance of the ASA through ERISA (while not similarly limiting Blue Cross who presumably could, for example, seek payment of fees under the ASA from the Plan) appears to be inconsistent with "the principal object of the statute … to protect plan participants and beneficiaries," *Boggs v. Boggs*, 520 U.S. 833, 845-46 (1997). That is, participants and beneficiaries of the self-funded Plan might be adversely impacted by substantial losses to a Plan caused by the inability of the Plan to assert claims against a Plan fiduciary.

Therefore, the Court will, at least at this early stage of the action, deny the motion to dismiss and allow the Plan to continue as a Plaintiff based on the more functional view of the Plan's right to assert ERISA claims for the benefit of the Plan under the alleged facts. This ruling is without prejudice to renewal of the same arguments on a motion for summary judgment after the completion of discovery.

### B. Is Blue Cross an ERISA Fiduciary on the Alleged Facts?

Blue Cross' primary substantive argument is that, as a matter of law, it is not an ERISA fiduciary (and thus cannot breach any fiduciary duty) with respect to its failure to process and pay the Patient's claims before the end of 2018. Fiduciary status may arise under ERISA in one of two ways. First, an individual or entity may be a "named fiduciary" in the plan documents. 29 U.S.C. § 1102(a)(2). Second, a "person" may become a "functional" fiduciary where the person exercises control over the relevant functions in relation to the plan. *See id.* § 1002(21)(A). Liberally construing fiduciary status under ERISA as is required, *see Dawson-Murdock v. Nat'l Counseling Grp., Inc.*, 2019 U.S. App. LEXIS 22080, at *15-16 (4th Cir. July 24, 2019), the Court finds that Plaintiffs have sufficiently alleged facts, taken as true, that support a holding that Blue Cross acted as a functional fiduciary with respect to the activities at issue. Therefore, the Court need not reach the issue of, and does not express an opinion on, whether Blue Cross is a named fiduciary under the Plan.

> With respect to whether or not a party is a "functional" fiduciary, ERISA provides:
>
> a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, … or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A). "[A]n ERISA fiduciary is 'any individual who de facto performs specified discretionary functions with respect to the management, assets, or administration of a plan.'" *Moon v. BWX Techs., Inc.*, 577 F. App'x 224, 229 (4th Cir. 2014) (quoting *Custer v. Sweeney*, 89 F.3d 1156, 1161 (4th Cir. 1996)). In contrast, one "who performs purely ministerial functions … within a framework of policies, interpretations, rules, practices and procedures made by other persons is not a fiduciary." 29 C.F.R. § 2509.75-8, D-2. Thus, "being a fiduciary under ERISA is not an all-or-nothing situation. Rather, the inquiry must be examined 'with respect to

the particular activity at issue.'" *Gordon v. CIGNA Corp.*, 890 F.3d 463, 474 (4th Cir. 2018) (citation omitted).

Plaintiffs have alleged that Defendant is a fiduciary with respect to the management and control of assets and the processing and payment of claims – Doc. 1 at ¶¶ 6, 30, 31, 33, 88, 95, 114, 116, 123, 141 – and had discretionary authority or control over, for example, claim processing, benefit determinations, payment of claims, payment of expenses, services, and fees, benefit determination notifications, and the management, control, and disposal of Plan assets. *Id*. at ¶¶ 18, 22, 30, 32. In turn, although Blue Cross admits that some of its administrative duties "may give rise to functional fiduciary status," Blue Cross argues that its "processing and payment of covered claims" was merely a "ministerial" function that does not make it a functional fiduciary with respect to those activities.

Applying the lenient standard of review of a motion to dismiss, the Court agrees with Plaintiffs that they have plausibly alleged that Blue Cross exercised sufficient discretion and/or control over the activities at issue. Specifically, Plaintiffs have alleged that Blue Cross controlled if and when claims were made to Plan participants. All claims were paid out of Blue Cross' general claims account, which was funded by Technibilt in an amount set in Blue Cross' discretion based on its determination of claim expenses (and a required added Security Amount). *See*, Doc. 7-1 at 16, 36-40, ASA at ¶¶ 9.1, 9.3, Ex. C. Also, Blue Cross had discretion when to invoice Technibilt to fund the account and ultimately pay out the claims. *Id*. at Ex. C.

In this context, even if the timing of the payment of *routine* claims might be considered a "ministerial" task, Blue Cross' "control respecting … disposition of [the Plan's] assets," 29 U.S.C. § 1002(21)(A), could plausibly make Blue Cross a functional fiduciary with respect to the handling of the extraordinary and urgent circumstances presented by the Patient's huge

9

claims, the limited coverage period of the Reinsurance Policy and the approaching year end. Indeed, it is unclear if Plaintiffs could even have timely paid the Patient's claims themselves. Rather, the parties appear to have agreed that only Blue Cross could "control" the payment of claims.[3] Thus, although the ASA does not expressly discuss whether the *timing* of the payment of claims is a "discretionary" or "ministerial" activity, functional fiduciary responsibility may plausibly arise by implication and inference from Blue Cross' discretionary control of the claims funding account.

Accordingly, the Court will hold, for purposes of ruling on the motion to dismiss, that Plaintiffs have sufficiently alleged that Blue Cross is a functional fiduciary. As with the Court's finding that the Plan is a permissible plaintiff, this holding is made without prejudice to Blue Cross' ability to raise its arguments again in a summary judgment motion after the full development of the factual record.

### C. Have Plaintiffs Sufficiently Alleged a Breach of Fiduciary Duty?

In addition to challenging whether it is an ERISA fiduciary, Blue Cross argues that even if it is a fiduciary, Plaintiffs have not sufficiently alleged that it breached any fiduciary duty. Taking

---

[3] Blue Cross also contends that the ERISA regulations support its interpretation that it merely performed "ministerial" functions with respect to the processing and payment of claims because it allegedly paid the claims "within a framework of policies, interpretations, rules, practices and procedures made by other persons …." *See* 29 C.F.R. § 2509.75-8, D-2. However, to the contrary, Blue Cross has argued that the ASA gave it the authority to perform its administrative functions with respect to the Plan in accordance with its *own* rules and standards. *See* Doc. 8 at 4. (Arguing that Blue Cross was permitted to "apply its standard practices, policies and procedures used in its insured business where no contrary instructions, agreements or Group Health Plan provisions exist"). Of course, the importance of this distinction is that where an administrator generally has the authority to set its own procedures then it has the practical discretion to control its activities, whether or not those activities are otherwise ministerial in nature or whether specific instructions may be given as to a particular matter. Thus, regulation 29 C.F.R. § 2509.75-8, D-2 cuts against rather than supports Blue Cross' position.

the allegations of the Complaint as true, the Court disagrees and finds that Plaintiffs have plausibly alleged a breach of fiduciary duty. At this point in the proceedings. it is not appropriate for the Court to resolve the merits of the parties' dispute concerning whether Blue Cross breached its fiduciary duty.

Congress enacted ERISA to protect "the interests of participants in employee benefit plans and their beneficiaries ... by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. § 1001(b). Consistent with this purpose, ERISA imposes high standards of fiduciary duty on those responsible for the administration of employee benefit plans and the investment and disposal of plan assets. *Tatum v. RJR Pension Investment Committee*, 761 F.3d 346, 356 (4th Cir. 2014). "ERISA fiduciaries owe participants duties of prudence and loyalty." *DiFelice v. U.S. Airways, Inc.*, 497 F.3d 410, 418 (4th Cir. 2007). The duty of prudence requires that "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence ... [of] a prudent man ...." 29 U.S.C. § 1104(a)(1)(B). The duty of loyalty requires that a fiduciary must do so "for the exclusive purpose of providing benefits to participants and their beneficiaries; and defraying reasonable expenses of administering the plan." 29 U.S.C. § 1104(a)(1)(A); see *Tatum*, 761 F.3d at 356.

Whether or not Blue Cross has met these high fiduciary standards cannot be determined as a matter of law based on the allegations of the Complaint. The Complaint clearly alleges that Plaintiffs provided Blue Cross with notice of the need to process the Patient's medical claims by the end of 2018 and that despite this notice (and requests that the payments be made) Blue Cross failed to pay the claims until January 2019. *See* Doc. No. 1 at 9-11, ¶¶ 57 – 66. Blue Cross responds

that it has not breached any fiduciary duty because its final payment of the claim was well within its standard time for paying claims from the time of its formal receipt of the claim from the Host Blue. However, in the words of the ubiquitous commercial, "sometimes just ok is not ok." That is, whether or not Blue Cross' failure to pay these extraordinary claims prior to the end of 2018 violated its fiduciary duty depends on a full consideration of all the facts and circumstances that will be developed in discovery. Of course, the Court expresses no opinion on whether Plaintiffs will ultimately be able to prove any breach of fiduciary duty, but the Court does find that Plaintiffs have plausibly alleged that breach. Therefore, the motion to dismiss on this ground will be denied.

D. **Have Plaintiffs Stated a Claim for All the Relief Sought in the Complaint?**

Finally, Blue Cross questions whether Plaintiffs are entitled to pursue all the relief requested in the Complaint. Specifically, Blue Cross argues that Plaintiffs' claim for "equitable relief" under ERISA cannot survive where Plaintiffs fail to allege a breach of fiduciary duty and further argues that Plaintiffs are not entitled to restitution or equitable estoppel. *See* Doc. No. 7 at 1. Having determined above that Plaintiffs have plausibly alleged a claim for breach of fiduciary duty the Court will similarly reject Blue Cross' motion to dismiss any claim for "equitable relief."

With respect to Blue Cross' challenge to Plaintiffs' potential entitlement to "restitution" or "equitable estoppel," the Court will defer consideration of these specific items of relief until a decision is ripe and necessary. Plaintiffs' "prayer for relief" in the Complaint in part seeks "appropriate equitable relief against Defendant, as permitted by law, equity, and the federal statutory provisions set forth herein, including but not limited to restitution, surcharge, equitable estoppel, *and/or* other appropriate remedial relief…" Doc. No. 1 at 24. (emphasis added). Thus, it is presently unknown what particular relief Plaintiffs will be seeking as the case moves forward past the pleading stage. Also, whether or not Plaintiffs are entitled to or need any type of relief

may depend on the nature of the claim(s) on which they are successful and the other relief they are entitled to receive. Accordingly, the Court will deny Blue Cross' motion to partially dismiss Plaintiffs' claims for relief, without prejudice to the arguments being raised again later in the case.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motions to Dismiss (Doc. No. 7) are **DENIED;**

2. This case shall move forward to discovery and further proceedings on the merits of Plaintiffs' claims in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: February 3, 2020

Kenneth D. Bell
United States District Judge