IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:19-CV-079-KDB-DCK

TECHNIBILT, LTD., and TECHNIBILT GROUP INSURANCE PLAN aka TECHNIBILT LTD. GROUP HEALTH PLAN,

        Plaintiffs,

v.

BLUE CROSS AND BLUE SHIELD OF NORTH CAROLINA,

        Defendant.

## STIPULATED PROTECTIVE ORDER

**WHEREAS** Plaintiffs Technibilt, Ltd. and Technibilt Group Insurance Plan aka Technibilt Ltd. Group Health Plan ("Plaintiffs") filed this civil action against Defendant Blue Cross and Blue Shield of North Carolina ("Blue Cross NC");

**WHEREAS** the information relevant to the issues in this action will likely include commercially sensitive and/or competitive healthcare information, such as information pertaining to internal business operations, and may include personal health information;

**WHEREAS** Fed. R. Civ. P. 26(c)(1)(G) provides that the Court may, for good cause shown, require that a "trade secret, or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way";

**WHEREAS** the Court and the parties seek to facilitate orderly and efficient party and third-party discovery to "secure the just, speedy, and inexpensive determination" of this action, Fed. R. Civ. P. 1;

**WHEREAS** the parties consent to the entry of this Stipulated Protective Order; and

**WHEREAS** the Court hereby finds that there is good cause to enter this Stipulated Protective Order to shield commercially-sensitive, competitive healthcare, and personal health information;

**IT IS THEREFORE ORDERED** that the following restrictions and procedures shall apply to Materials provided by any Producing Person that contain Confidential Information or Highly Confidential Information as defined herein.

**A.    Definitions**

For purposes of this Stipulated Protective Order, the following definitions apply:

1. "Confidential Information" means any Material which contains any "trade secret or other confidential research, development, or commercial information," Fed. R. Civ. P. 26(c)(1)(G); protected personal information, including Protected Health Information as that term is defined by the Health Insurance Portability and Accountability Act, 45 C.F.R. Parts 160 and 164; and competitive healthcare information, as defined in Chapter 131E of the North Carolina General Statutes.

2. "Highly Confidential Information" means any Confidential Information that the Producing Person reasonably believes to be so sensitive that it is entitled to extraordinary protections.

2

3. "Materials" means any document, information, or transcript of testimony that is provided to any party in connection with the litigation of this action.

4. "Producing Person" means any person that provides or has provided Materials.

5. In determining whether information should be designated as "Confidential Information" or "Highly Confidential Information," each party agrees to use such designation only in good faith.

**B. Protection of Confidential Information and Highly Confidential Information in Discovery**

6. Whenever discovery is sought from any non-party in this action, a copy of this Order must accompany the discovery request or subpoena, unless a party has already provided the non-party with a copy of this Order. Non-parties may designate Materials as Confidential Information or Highly Confidential Information pursuant to the procedures set forth in this Order.

7. Any Producing Person (including through counsel) may designate all or any part of any Materials as Confidential Information or Highly Confidential Information to the extent the Producing Person determines, in good faith, that the Materials include Confidential Information or Highly Confidential Information, and that such designation is necessary to protect the interests of the Producing Person. For designations of Confidential Information or Highly Confidential Information that occur after entry of this Order, the designations shall be made by using the labels as appropriate: "CONFIDENTIAL –

PRODUCED PURSUANT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER".

8. All transcripts of depositions, including deposition exhibits, taken in this action after entry of this Order will be treated as Highly Confidential Information in their entirety for twenty-one (21) days after the date a copy of the final transcript has been made available to the deponent (or to the deponent's counsel, if applicable) for review. It is the obligation of the first party that noticed the deposition to arrange for the final transcript to be furnished to the deponent within five (5) business days of receipt, unless the deponent has arranged to receive a copy of the final transcript directly from the court reporter. During the twenty-one (21) days following receipt of the final transcript, the deponent and any party may in good faith designate any part of the testimony as Confidential Information or Highly Confidential Information. Such designations must be provided in writing by the designating party to the deponent and all other parties. For purposes of this paragraph, a transcript that is available for the deponent to read-and-sign is considered a final transcript.

9. Any production of Materials not designated as Confidential Information or Highly Confidential Information will not be deemed a waiver of any future claim of confidentiality concerning such Materials if the Producing Person later designates the Materials as Confidential Information or Highly Confidential Information. If at any time prior to the trial of this action, a Producing Person realizes that it unintentionally failed to designate as Confidential Information or Highly Confidential Information any of that Person's Materials previously produced during discovery in this action, it may so designate

4

such Materials by notifying the parties in writing. The parties shall thereafter treat the Materials pursuant to the Producing Person's new designation under the terms of this Order. The disclosure of any information for which disclosure was proper when made will not be deemed improper regardless of any such subsequent confidentiality designation.

10. Inadvertent production of any document provided by any Producing Person in this litigation, including in response to any discovery request, subpoena, or agreement by any party or non-party, that the Producing Person later determines in good faith should have been withheld from production on grounds of a privilege, including attorney-client privilege and the work product doctrine (collectively referred to hereinafter as an "Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege or work product protection, subject to the following provisions:

    a. The Producing Person may request the return of any Inadvertently Produced Privileged Document by identifying the Inadvertently Produced Privileged Document and stating the basis for the claim that the Document should have been withheld and providing a privilege log that provides the information required by Fed. R. Civ. P. 26(b)(5) and the identification of (1) all recipients of the document as reflected on the document and in that document's metadata, if applicable, and (2) the files or sources from which the document was collected. If a Producing Person requests the return, pursuant to this paragraph, of such an Inadvertently Produced Privileged Document then in the possession of one or more parties, the possessing parties shall, within five (5) business days, sequester, destroy, or return to the requesting party or non-party, the Inadvertently

5

Produced Privileged Document and all copies thereof, provided, however, that the receiving party may retain one (1) copy of such Inadvertently Produced Privileged Document for the sole purpose of challenging the assertion of privilege by the producing party, in which case: (1) the receiving party shall notify the producing party in writing of its intention to retain a copy for such purpose within ten (10) business days of the receipt of the notice demanding return of such Inadvertently Produced Privileged Document, and (2) either party may thereafter seek a ruling from the Court with respect to the issue of whether the Inadvertently Produced Privileged Document is indeed privileged, whether by way of a motion to compel, motion for a protective order, or otherwise. All such motions shall be submitted in camera. Absent an order from the Court, no Inadvertently Produced Privileged Document shall be used for any purpose other than for challenging an assertion of privilege in accordance with the terms of this Paragraph. Absent the Court's ruling that the Inadvertently Produced Privileged Document is not subject to a valid privilege claim, the possessing party must promptly expunge from any other document or material any information solely derived from the Inadvertently Produced Privileged Document.

      b.     No party may assert as a ground for challenging privilege the mere fact of the inadvertent production. Nothing in this Order shall preclude a party from arguing based on the underlying facts and circumstances that the production of the allegedly inadvertently produced document was not inadvertent or that conduct since production of the allegedly inadvertently produced document constitutes a waiver.

6

Case 5:19-cv-00079-KDB-DCK   Document 22   Filed 05/01/20   Page 6 of 17

c. If the request for return of an Inadvertently Produced Privilege Document involves redaction of the Document, the redacted version of the Document must be provided within ten (10) business days together with a privilege log that includes the information required by Fed. R. Civ. P 26(b)(5) and the identification of (1) all recipients of the document as reflected on the document and in that document's metadata, if applicable, and (2) the files or sources from which the document was collected.

d. If the request for return of an Inadvertently Produced Privilege Document occurs during the taking of a deposition or shortly before the occurrence of a deposition, the Producing Person's counsel, the examining counsel, and defending counsel shall meet and confer in good faith at the earliest possible opportunity to determine appropriate steps under the circumstances, consistent with this Order. In the event the claim of privilege is withdrawn or the Court determines that the document is not privileged, if counsel for the parties and other defending counsel do not agree otherwise, the Court shall determine any appropriate remedy, including whether and to what extent a reopening of the deposition may be necessary including a reopening that would have the effect of extending the time limit for a duration of a deposition. Nothing in this Paragraph prohibits examining counsel to *voir dire* a deponent about the matters set forth in Fed. R. Civ. P. 26(b)(5) concerning the Document.

e. If an expert report or expert's testimony uses a document that another party identifies as an Inadvertently Produced Privileged Document after service of the expert's report or rendition of the expert's testimony, then the party sponsoring the expert

7

report or expert testimony will, subject to the procedures in this Order, and if necessary, remove any reference to the Inadvertently Produced Privileged Document from the expert's report or expert's testimony and be allowed to substitute other documents or information for the Inadvertently Produced Privileged Document. Neither the expert's report not the expert's testimony can be stricken in whole on the ground that the expert's report or expert's testimony had previously relied on an Inadvertently Produced Privileged Document. In the event that an expert's report or expert's testimony has relied on an Inadvertently Produced Privileged Document, the parties agree to meet and confer on a schedule to allow the party propounding an implicated expert report (whether an initial, response, or rebuttal report) to modify or supplement such expert report within a reasonable period of time.

11. The parties and third parties desire to ensure the privacy of patient records and other information that the parties have determined might contain Confidential Health Information ("CHI") and agree that a Producing Party may designate CHI as Confidential Information at a minimum and, as such, subject to the terms of this Order. The parties and third parties also seek to ensure that any person who receives and stores CHI in connection with this proceeding will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any CHI and to prevent unpermitted use or disclosure of any CHI they may receive from any person in connection with this proceeding. CHI will be securely returned or destroyed pursuant to the provisions of this Order. As used in this Order,

8

Confidential Health Information or CHI shall mean any patient health information protected by any state or federal law, including but not limited to "Protected Health Information" or "PHI" as set forth in 45 C.F.R. § 160.103.

C.  **Challenges to Designation of Confidential Information or Highly Confidential Information**

12. Any party may challenge the designation of any Materials as Confidential Information or Highly Confidential Information. In the event of such a challenge, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the party seeking to protect the designation may thereafter file a motion seeking resolution by the Court. The designated information shall be treated in accordance with its confidentiality designation under this Order until the Court rules on the motion.

13. Nothing in this Order constitutes an admission by any party that Confidential Information or Highly Confidential Information disclosed in this action is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of any Materials designated as Confidential Information or Highly Confidential Information in accordance with applicable law.

D.  **Disclosure of Confidential Information or Highly Confidential Information**

14. Unless otherwise ordered by this Court, or otherwise provided in this Stipulated Protective Order, Confidential Information or Highly Confidential Information will be held and used by the person receiving the Confidential Information or Highly Confidential Information solely in connection with the above-captioned action.

15. Any Materials that contain Confidential Information shall not be disclosed to any person, except:

    a. The Court and all persons assisting the Court in this action, including mediators, court reporters, and members of the Clerk's Office;

    b. The parties' outside attorneys and outside attorneys' employees, and independent contractors retained by any party's attorneys to assist in the litigation of this action or otherwise assist in its work (including testifying or consulting experts, whether disclosed or not, and their support staff);

    c. Outside vendors or service providers (such as copy-service providers and document-management consultants) retained by any party to assist in the litigation of this action or otherwise assist in its work, but only on the condition that each such person shall be asked to sign an agreement to be bound by this Stipulated Protective Order in the form attached as Exhibit A;

    d. Authors, addressees, and recipients of any particular Materials designated as Confidential Information, solely to the extent that they have previously had lawful access to the particular Materials disclosed or to be disclosed;

    e. Persons (and their counsel) whom any Plaintiff or Defendant believes, in good faith, to have previously had lawful access to any Material designated as Confidential Information, or who have been participants in a communication that is the subject of the designated Confidential Information and from whom verification of or other information about that access or participation is sought, solely to the extent of disclosing

10

Case 5:19-cv-00079-KDB-DCK   Document 22   Filed 05/01/20   Page 10 of 17

such Confidential Information to which they may have had lawful access or that is the subject of the communication in which they may have participated; provided that, unless and until the person or their counsel confirms that the person had prior lawful access or was a participant, only as much of the Confidential Information may be disclosed as may be necessary to confirm the person's prior lawful access or participation; and

   f. In-house lawyers (and necessary support staff) for each of the parties in this action and other employees of any party may have access to Confidential Information (but not Highly Confidential Information) of a Producing Person.

 16. Highly Confidential Information may be disclosed only to any person falling within categories (a) through (e) of Paragraph 15. Additionally, one other employee of any party whom the party designates as necessary to have access to Highly Confidential Information may have access to Highly Confidential Information of a Producing Person. Each party shall provide to the other party—and to any Producing Person who produces Highly Confidential Information that may be disclosed to the designated employee—a signed declaration from the employee who will have access to Highly Confidential Information, declaring that he/she has read this Protective Order, understands that he/she may use Highly Confidential Information only for the purpose of litigation, and will comply with and be personally bound by this Protective Order. Notwithstanding this provision, no employee who was or is currently involved in the selection, negotiation, or contracting of health plan administrative services on behalf of Plaintiffs may view Highly

11

Confidential Information unless that employee previously had access to such information pursuant to Paragraph 15(e).

17. In the event that a party intends to disclose Highly Confidential Information to a consultant or expert who works, or has a present plan to work, either as an employee or a consultant in the healthcare industry and who negotiates or consults on the negotiations, or has any role in the review or approval of such negotiations, between health benefit plans or their sponsors located in North Carolina and health insurers or third party administrators of health benefits (an "Industry Participant"), then such party (the "Notifying Party") shall notify the Producing Person, and provide ten (10) business days written notice during which the Producing Person may seek an Order from the Court precluding such disclosure. The Notifying Party must not disclose any such Highly Confidential Information to an Industry Participant absent either a ruling from the Court rejecting the challenge of the Producing Person or the passage of ten (10) business days without written notice from the Producing Person that it is seeking an Order from the Court precluding disclosure. In the event that a party intends to disclose Highly Confidential Information to an Industry Participant, before receiving any Confidential Information, the Industry Participant must sign an agreement to be bound by this Order in the form attached as Exhibit A. It is expressly understood that "Industry Participant" excludes academics, accountants, behavioral psychologists, economists, IT consultants, statisticians, and attorneys, whose primary role in the industry is testifying or consulting in legal and regulatory proceedings.

18. Prior to a party's disclosure or display of Confidential Information or Highly Confidential Information to any person in (b), (c), (e), or (f) of Paragraph 15, counsel for the party must:

    a. Inform the person of the confidential nature of the Material; and

    b. Inform the person that this Court has enjoined the use of the Material by him/her for any purpose other than this litigation (except as provided in this Order) and has enjoined the disclosure of the Material to any other person (except as provided in this Order).

19. Nothing contained in this Order affects or restrict the rights of any party with respect to its own Materials.

20. In the event of a disclosure of any Confidential Information or Highly Confidential Information to any person(s) not authorized to receive such disclosure under this Order, the party responsible for having made such disclosure shall promptly notify the Producing Person whose Material has been disclosed and provide to such Producing Person all known relevant information concerning the nature and circumstances of the disclosure. The disclosing party shall also promptly take all reasonable measures to retrieve the improperly disclosed Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made. Unauthorized or inadvertent disclosure shall not change the confidential status of any disclosed Material or waive the right to maintain the disclosed Material as containing Confidential Information or Highly Confidential Information.

21. Any order of this Court requiring the production of any Materials constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 552a(b)(11).

## E. Use of Confidential Information or Highly Confidential Information in This Action

22. If any Confidential Information or Highly Confidential Information is to be included in any pleading, motion, exhibit, or other paper to be filed with the Court, the party making the filing shall follow the procedures set forth in Local Civil Rule 6.1. Any motion, memorandum, document or other paper filed with the Court is presumptively a public document and any decision of the Court regarding whether to allow any filing to be made under seal is subject to Local Rule 6.1 and applicable law.

23. Nothing in this Order restricts any person, including any member of the public, from challenging the filing of any Confidential Information or Highly Confidential Information under seal.

24. Any pleading that contains or refers to Confidential Information or Highly Confidential Information (or attaches such Confidential Information or Highly Confidential Information), in addition to being filed under seal as set forth in this Order and Local Civil Rule 6.1, shall be filed publicly in a redacted form so as to eliminate or obscure all references to Confidential Information or Highly Confidential Information.

25. The parties shall meet and confer and submit a recommended order before trial, outlining the procedures for disclosure at trial of any Materials designated as Confidential Information or Highly Confidential Information.

### F. Procedures upon Termination of This Action

26. The obligations imposed by this Order survive the termination of this action unless the Court, which shall retain jurisdiction to resolve any disputes arising out of this Order, orders otherwise. The ultimate disposition of protected materials is subject to a final order of the Court on the completion of the litigation. Unless the Court orders otherwise, at the conclusion of litigation, all Confidential Information or Highly Confidential Information, and any copies thereof, shall be promptly (and in no event later than sixty (60) days after entry of a final judgment no longer subject to appeal) returned to the Producing Person or certified as destroyed provided that the information shall not be returned or destroyed if otherwise ordered by the Court or a motion for relief from this provision or for modification of this Order is pending. Notwithstanding this provision, counsel for the parties may retain archival copies of regularly maintained litigation files, including all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain, or are derived or generated from, Confidential Information or Highly Confidential Information, and an index which refers or relates to designated Confidential Information or Highly Confidential Information. Counsel may not, however, retain documents with Confidential Information or Highly Confidential Information produced during this litigation unless those documents are attached to pleadings, motion papers, legal memoranda, or transcripts. Any such archival

copies that contain, or are derived or generated from, Confidential Information or Highly Confidential Information will remain subject to this Protective Order.

27. The foregoing is entirely without prejudice to the right of any party or non-party, or by the Court on its own motion, to apply to the Court for any further Protective Order relating to Confidential Information or Highly Confidential Information, to object to the production of documents or information, to apply to the Court for an order compelling production of documents or information, to seek relief from the Court from any provision of this Order, or for modification of this Order.

**SO ORDERED**.

Signed: May 1, 2020

David C. Keesler
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

TECHNIBILT, LTD., and TECHNIBILT
GROUP INSURANCE PLAN aka
TECHNIBILT LTD. GROUP HEALTH PLAN,

    Plaintiffs,

v.

BLUE CROSS AND BLUE SHIELD OF
NORTH CAROLINA,

    Defendant.

Case No. 5:19-cv-79

**EXHIBIT A TO STIPULATED PROTECTIVE ORDER**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the above-captioned litigation have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (or with a similar label) and have received a copy of the Court's Stipulated Protective Order.

Under penalty of contempt of Court, I hereby agree to comply with the Court's Stipulated Protective Order, and will neither disclose any information contained in documents designated Confidential or Highly Confidential to any other person or use any such information for any purpose other than this litigation.

DATED: _____

PRINTED NAME: _____

SIGNATURE: _____

17

Case 5:19-cv-00079-KDB-DCK   Document 22   Filed 05/01/20   Page 17 of 17